IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00233-NYW-MDB

DEMONTRAY LARELL WARD,

    Plaintiff,

v.

A.W. ALTIZER,
LT. KREISMAN,
DR. MCGAUGH,
OFFICER AZZEZ,
TREAT SPECIALIST T. BALES,
NURSE J. KAMMRAD,
PSYCHOLOGIST MARTIN,
WARDEN STARR,
PSYCHOLOGIST NEAL,
OFFICER GREEN,
OFFICER HOFFARTH,
LT. TROUTMAN, and
PSYCHOLOGIST T. WAGNER,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell issued on June 26, 2024. [Doc. 142]. The Recommendation addresses two motions that were referred to Judge Dominguez Braswell for recommendation: (1) Defendants' Early Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies ("Defendants' Motion for Summary Judgment"), [Doc. 85]; and (2) Plaintiff['s] Motion for Summary Judgment Based on the Defendants Committing Perjury Under Oath ("Plaintiff's Motion for Summary Judgment"), [Doc. 110]. Judge Dominguez Braswell recommends that Defendant's

Motion for Summary Judgment be granted in part and denied in part and that Plaintiff's Motion for Summary Judgment be denied. [Doc. 142 at 2].

Plaintiff has objected to the Recommendation, *see* [Doc. 143], and Defendants have filed a response to Plaintiff's objections, *see* [Doc. 145].[1]  For the reasons set forth in this Order, Plaintiff's objections are respectfully **OVERRULED** and Judge Dominguez Braswell's Recommendation is **ADOPTED**.

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

### II. Rule 12(b)(1)

Under Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football*

---

[1] Defendants did not file objections to the Recommendation.

*Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (quotation omitted).

### III.     Pro Se Filings

Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

The factual and procedural background of this case are explained in detail in Judge Dominguez Braswell's Recommendation, *see* [Doc. 142 at 2–3, 7–9], and the Court repeats them here only as necessary for purposes of resolving Plaintiff's objections.

Plaintiff Demontray Ward ("Plaintiff" or "Mr. Ward') initiated this lawsuit on January 26, 2023 and filed his Third Amended Complaint, the operative pleading in this case, on June 20, 2023. [Doc. 1; Doc. 28]. After an initial screening of the Third Amended Complaint, two claims remain: (1) a claim of medical deliberate indifference under the Eighth Amendment against Defendants Bales, Martin, Wagner, Kammrad, and McGaugh ("Claim One"); and (2) a failure to protect/excessive force claim under the Eighth Amendment, seeking only injunctive or mandamus relief, against Defendants Altizer,

3

Azzez, Starr, Green, Hoffarth, Troutman, Neal, and Kreisman ("Claim Two"). [Doc. 36 at 2–3; Doc. 142 at 3].

On January 30, 2024, Defendants moved for summary judgment, arguing that both of Plaintiff's remaining claims should be dismissed for failure to exhaust administrative remedies. [Doc. 85 at 2]. Plaintiff opposed Defendant's request. *See generally* [Doc. 91]. Thereafter, Mr. Ward filed his own Motion for Summary Judgment, which "request[s] that the Court grant summary judgment in [his] favor and hold the Defendants in contempt of Court for committing perjury" and requests that the Court "grant [him] all the relief [he] requested in [his] lawsuit/complaint or set a trial date which is justice." [Doc. 110 at 2].

Judge Dominguez Braswell recommends that the Court grant Defendant's Motion for Summary Judgment in part and deny it in part. [Doc. 142 at 2]. With respect to Plaintiff's failure to protect or excessive force claim—Claim Two—Judge Dominguez Braswell agrees with Defendants that Plaintiff has not established a genuine dispute of material fact concerning whether he exhausted his administrative remedies as to this claim and that dismissal of Claim Two is appropriate. [*Id.* at 12–14]. However, as for Claim One, Judge Dominguez Braswell concludes that genuine disputes of material fact preclude a determination that Plaintiff failed to exhaust his administrative remedies with respect to that claim. [*Id.* at 9–11]. Accordingly, she recommends that Defendant's Motion for Summary Judgment be granted as to the failure to Claim Two but denied with respect to Claim One. [*Id.* at 16]. Judge Dominguez Braswell also recommends that the Court deny Plaintiff's Motion for Summary Judgment without prejudice as premature, as discovery has not yet commenced. [*Id.* at 15].

4

## ANALYSIS

First, Plaintiff objects to Judge Dominguez Braswell's determination that his Motion for Summary Judgment is premature. [Doc. 143 at 1]. He states that "this case is not in its earliest stages of litigation like Magistrate Judge Maritza Dominguez Braswell stated in her Recommendation . . ., because once the Defendants filed their Motion for Summary Judgment discovery was passed." [*Id.*]. He complains that "Defendants never allowed [him] any time for discovery" because, by filing their Motion for Summary Judgment, they "bypassed discovery." [*Id.*]. He states that he "ha[s] a right to trial as a matter of law" and will not "let the Court do [him] a[n] injustice by stating that the Defendants are entitled to discovery after summary judgment has ended." [*Id.*].

The Court finds no error in Judge Dominguez Braswell's conclusion that Plaintiff's Motion for Summary Judgment is premature or in her decision to issue the Recommendation on the pending Motions prior to the commencement of discovery. "Discovery and scheduling are matters within the district court's broad discretion." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). While summary judgment motions are typically filed after the conclusion of discovery, courts in this District routinely permit parties to file early motions for summary judgment, before discovery commences, to determine whether the plaintiff has properly exhausted his or her administrative remedies prior to filing their lawsuit. *See, e.g.*, *Mostafa v. Garland*, No. 20-cv-00694-PAB-SKC, 2024 WL 38187, at *1 (D. Colo. Jan. 3, 2024); *Valentine v. Fed. Bureau of Prisons*, No. 22-cv-00161-NYW-MDB, 2023 WL 4660795, at *2 (D. Colo. July 20, 2023), *report and recommendation adopted*, 2023 WL 5309924 (D. Colo. Aug. 14, 2023); *see also Boles v. Allen*, 784 F. App'x 596, 600 (10th Cir. 2019) (affirming district

court's ruling on exhaustion issue prior to discovery); 8A Wright & Miller, Federal Practice & Procedure § 2040 (3d ed. July 2024 update) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").

Defendants' Motion for Summary Judgment does not permit Defendants to "bypass[]" discovery, as Plaintiff claims.  Rather, Defendants sought a pre-discovery determination of a threshold issue, and Judge Dominguez Braswell's decision to issue a recommendation on that issue prior to holding a scheduling conference and commencing discovery was both in the interest of judicial economy and a proper exercise of her discretion.  Moreover, as Defendants point out, *see* [Doc. 145 at 2–3], Plaintiff's failure to follow the Court's procedural requirements in his Motion for Summary Judgment provides an additional basis for denial of his Motion, *see* NYW Civ. Practice Standard 7.1D(b) (stating that all motions for summary judgment "must comply" with certain parameters, such as setting forth statements of undisputed facts in simple, declarative sentences, separately numbered and supported by evidence in the record); *see also* NYW Civ. Practice Standard 7.1D(d) ("Failure to follow these procedures may result in an order striking or denying the motion or brief.").  Accordingly, Plaintiff's objection is respectfully **OVERRULED**.

Mr. Ward also takes issue with Judge Dominguez Braswell's conclusion that he failed to establish a genuine issue of material fact sufficient to preclude summary judgment on Claim Two.  He states:

> I will be appealing the Court granting the Defendants summary judgment motion in regards to Claim 2 which is the failure to protect/excessive force claim, because I stated to the Court in my Complaint that my life is endanger and that I exhausted all available remedies that were available

6

>to me.  I will show this on my appeal, also I have a right to file a imminent danger complaint with the Court if I feel that my life is endanger which I did, but the Court did not acknowledge my imminent danger lawsuit which is very concerning given the seriousness of my claims against the Defendants.

[Doc. 143 at 2].[2]  To the extent Plaintiff attempts to object to Judge Dominguez Braswell's recommendation that Defendants' Motion for Summary Judgment be granted in part, Plaintiff fails to present a sufficient objection to warrant de novo review.  *See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.").  "Objections disputing the correctness of the [magistrate judge's] recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient."  *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008).  Rather, "[i]n objecting to the magistrate judge's recommendation, [a party] must raise specific arguments addressing purported errors in the recommendation."  *Saleh v. Silco Oil Co.*, No. 19-cv-02973-PAB-NRN, 2020 WL 4915604, at *3 (D. Colo. Aug. 20, 2020).

Because Plaintiff does not raise any specific objection to Judge Dominguez Braswell's Recommendation, the Court reviews this portion of the Recommendation to satisfy itself that there is "no clear error on the face of the record."[3]  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see also Summers v. Utah*, 927 F.2d

---

[2] Plaintiff has one other lawsuit pending in this District:  *Ward v. Armijo*, No. 24-cv-01256-LTB-STV (D. Colo.).  That separate civil action is currently in the initial screening process under 28 U.S.C. § 1915.  Plaintiff does not explain why Judge Dominguez Braswell's decision to "not acknowledge" that lawsuit warrants rejection of her Recommendation.  *See* [Doc. 143].

[3] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

1165, 1167 (10th Cir. 1991) (in the absence of a specific objection, a district court may review a magistrate judge's recommendation under any standard it deems appropriate). And the Court finds no clear error in Judge Dominguez Braswell's Recommendation on this point. She noted that Plaintiff himself admitted that he had not exhausted his administrative remedies as to this claim, *see* [Doc. 142 at 12; Doc. 91 at 1 ("Plaintiff did not have to exhaust his administrative remedies for (Claim 2).")], and concluded that Plaintiff's argument that he was exempt from the exhaustion requirement was without merit, as Plaintiff had not presented any evidence that exhaustion of administrative remedies was unavailable to him, [Doc. 142 at 12–14]; *see also* 42 U.S.C. § 1997e(a) (requiring only the exhaustion of "available" administrative remedies). The Court finds that Judge Dominguez Braswell's Recommendation is thorough and well-reasoned and a correct application of the law to the facts. *See Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011) ("[T]he onus falls on the plaintiff to show that remedies were unavailable to him."); *Kee v. Raemisch*, 793 F. App'x 726, 735–36 (10th Cir. 2019) (to demonstrate that administrative remedies were unavailable, the plaintiff must provide *evidence* that (1) the administrative procedure was "a simple dead end"; (2) "no ordinary prisoner" could navigate the administrative mechanism because it is "so opaque" or "so confusing"; or (3) prison administrators thwarted the plaintiff from using the grievance process, and "conclusory assertion[s]" are insufficient to meet that burden (quotation omitted)). Accordingly, Plaintiff's objection is respectfully **OVERRULED**.

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

8

(1)  Plaintiff's Objections to Magistrate Judge Maritza Dominguez Braswell Recommendation [Doc. 143] are **OVERRULED**;

(2)  The Recommendation of United States Magistrate Judge [Doc. 142] is **ADOPTED**;

(3)  Defendants' Early Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [Doc. 82] is **GRANTED in part** and **DENIED in part**;

(4)  Claim Two is **DISMISSED without prejudice** for failure to exhaust his administrative remedies;

(5)  Defendants Altizer, Azzez, Starr, Green, Hoffarth, Troutman, Neal, and Kreisman are **DISMISSED** from this action;

(6)  Plaintiff['s] Motion for Summary Judgment Based on the Defendants Committing Perjury Under Oath [Doc. 110] is **DENIED without prejudice**; and

(7)  A copy of this Order shall be sent to:

>   Demontray Ward, #45499-379
>   Florence High U.S. Penitentiary
>   Inmate Mail/Parcels
>   P.O. BOX 7000
>   Florence, CO 81226

DATED:  July 25, 2024                                           BY THE COURT:

_____
Nina Y. Wang
United States District Judge