IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23–cv–00233–NYW–MDB

DEMONTRAY LARELL WARD,

    Plaintiff,

v.

MCGAUGH, Doctor,
BALES, Treat Specialist,
KAMMRAD, J., Nurse,
MARTIN, Psychologist,
WAGNER, Psychologist,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

### SUMMARY FOR *PRO SE* PLAINTIFF

The Court recommends dismissing your remaining claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Recent decisions by the U.S. Supreme Court and the Tenth Circuit have significantly limited when a *Bivens* remedy is available. Because your claim does not qualify for an available remedy, the Court must recommend dismissal. This is only a high-level summary of the Court's Recommendation. The actual Recommendation and reasoning are provided below, along with details about your right to object to this Recommendation.

### RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (["Motion"], Doc. No. 148.) Plaintiff has responded to the Motion (["Response"], Doc. No. 161) to which Defendants have replied (Doc. No. 164.) After reviewing the Motion, briefing, and relevant law, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

## STATEMENT OF THE CASE

### I.     Procedural Background

Plaintiff initiated this action by filing a Letter with the Court on January 26, 2023. (Doc. No. 1.) Plaintiff then filed a Prisoner Complaint the following day, January 27, 2023. (Doc. No. 4.) At the direction of Magistrate Judge Kristen L. Mix, Plaintiff filed a Second Amended Complaint on June 12, 2023. (Doc. Nos. 24; 27.) Unprompted, Plaintiff then filed a Third Amended Complaint on June 20, 2023. (Doc. No. 28.) The Third Amended Complaint ("TAC") is the operative pleading in this matter. (*Id*.; Doc. No. 34 at 3.) On September 15, 2023, Judge Lewis T. Babcock, ordered that the case be drawn from initial review to a presiding judge. (Doc. No. 36.) Judge Babcock allowed a *Bivens*-based individual capacity Eighth Amendment deliberate indifference claim and an official capacity failure to protect/excessive force claim to proceed. (*Id.*); *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

On January 30, 2024, Defendants moved for early summary judgment on the grounds that Plaintiff had failed to exhaust his administrative remedies prior to filing suit. (Doc. No. 85.) At this Court's Recommendation (Doc. No. 142), the presiding Judge granted the motion for early summary judgment in part and denied it in part—dismissing Plaintiff's failure to protect/excessive force claim without prejudice but allowing his deliberate indifference claim to proceed. (Doc. No. 146.)

2

On August 15, 2024, the remaining Defendants moved to dismiss Plaintiff's deliberate indifference claim. (Doc. No. 148.) That Motion was referred to the undersigned for consideration. (Doc. No. 149.)

## II. Relevant Allegations

In support of his deliberate indifference claim, Plaintiff alleges that on August 16, 2022, while he was an inmate at USP Florence, a fellow inmate threw hot coffee on him during a mental health group program. (Doc. No. 28 at 10.) Plaintiff says he complained of his "clearly" visible burns on the right side of his head and face and requested to be released from the program for medical treatment. (*Id.*) According to Plaintiff, Defendants Bales, Martin, and Wagner told him he would have to wait until the program was over. (*Id.*) Plaintiff says he waited "30 minutes to an hour" for the program to end, "but still was not given medical treatment," and "instead was placed in the shower [to] clean off." (*Id.*) Plaintiff alleges that during his shower, Defendant McGaugh asked him whether he needed treatment, to which he answered affirmatively. (*Id.*) Plaintiff says Defendant McGaugh told him he would return shortly to treat the burns. (*Id.*)

Plaintiff says he was then returned to his cell. (*Id.*) On the way to the cell, he told Lieutenant Jones[1] that Defendant McGaugh was coming to treat the burn. (*Id.*) Plaintiff says Lieutenant Jones then took pictures of the burns on his head and face, approximately 20 minutes after the shower had concluded. (*Id.*) Plaintiff says he told Lieutenant Jones he was in "severe

---

[1] Lieutenant Jones was an original defendant in this case. He was dismissed from the action without prejudice by Judge Babcock based on Plaintiff's "failure to comply with Rule 8 of the Federal Rules of Civil Procedure." (Doc. No. 36 at 2; *see* Doc. No. 34 at 13 (recommending Lieutenant Jones be dismissed from this action because "Plaintiff's allegations fail to demonstrate that Defendant Jones acted with deliberate indifference to Plaintiff's serious medical needs").)

pain." (*Id.*) 15 minutes later, Defendant Kammrad came to Plaintiff's cell. (*Id.*) Plaintiff says he told Defendant Kammrad he was "having unbearable pains from the burns," but Defendant Kammrad responded there was "nothing he could do" and "walked away without providing ... any medical treatment." (*Id.*) Plaintiff also alleges he later reviewed his medical files and learned that Defendant Kammrad made false statements about how Plaintiff received his injuries. (*Id.*).

Plaintiff alleges that when he woke up the following day his face was "swollen and puss was coming from [his] burns." (*Id.*) Plaintiff says he submitted a "sick-call" through Nurse Morrow,[2] but he never received a response. (*Id.*). Then on August 24, 2022, Plaintiff alleges he filed a sick-call bey email to Defendant McGaugh on August 24, 2022. (*Id.*) Plaintiff alleges that PA Bayer eventually prescribed him lidocaine because he was suffering nerve damage from the burns. (*Id.*) After three weeks, Plaintiff informed PA Bayer[3] that the lidocaine was not working, but PA Bayer allegedly declined to prescribe any further treatment. (*Id.*)

### III. Defendants' Motion

Defendants argue Plaintiff's claim must be dismissed as it "does not fall within one of the three categories of cognizable *Bivens* claims." (Doc. No. 148 at 4–6.) Defendants further argue

---

[2] Nurse Morrow was an original defendant in this case. Nurse Morrow was dismissed from the action without prejudice by Judge Babcock based on Plaintiff's "failure to comply with Rule 8 of the Federal Rules of Civil Procedure." (Doc. No. 36 at 2; *see* Doc. No. 34 at 13–14 (recommending Nurse Morrow be dismissed from this action because "Plaintiff has failed to show that he is entitled to relief against Defendant Morrow.").)

[3] PA Bayer was an original defendant in this case. PA Bayer was dismissed from the action without prejudice by Judge Babcock based on Plaintiff's "failure to comply with Rule 8 of the Federal Rules of Civil Procedure." (Doc. No. 36 at 2; *see* Doc. No. 34 at 12 (recommending PA Bayer be dismissed from this action because "Plaintiff has failed to provide a short statement of his claim against Defendant Bayer demonstrating that he is entitled to relief.").)

4

the Court should not recognize a new *Bivens* claim here. (*Id.* at 6–8.) Alternatively, Defendants say they are entitled to qualified immunity. (*Id.* at 8–11.) In response Plaintiff argues the initial review of his Third Amended Complaint demonstrated that the "Complaint show[s] merits [and] state[s] a claim in which relief could be granted." (Doc. No. 161 at 1–2.)

**LEGAL STANDARD**

**I.     Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Iqbal evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," i.e., those allegations which are legal conclusions, bare assertions, or

merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id.* at 679.

That being said, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

**II.    *Pro Se* Plaintiff**

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has

6

violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

**I.     *Bivens***

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the U.S. Supreme Court established "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has recognized a *Bivens* remedy in only three cases: (1) *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (a Fourth Amendment unreasonable search and seizure claim); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (a Fifth Amendment equal protection claim concerning gender discrimination); and (3) *Carlson v. Green*, 446 U.S. 14 (1980) (an Eighth Amendment failure to provide adequate medical treatment claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

However, "*Bivens* is now all but dead." *Rowland v. Matevousian*, 121 F.4th 1237, 1243 (10th Cir. 2024); *see Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir.

7

2024) (calling *Bivens* "a relic of the 20th century"). Indeed, in the decades since *Bivens* was decided, the Court has "progressively chipped away at the decision—to the point that very little of its original force remains." *Silva v. United States*, 45 F.4th 1134, 1139 (10th Cir. 2022); *see also Egbert v. Boule*, 596 U.S. 482, 491–93 (2022) (listing cases where the Court has declined to extend *Bivens*). While not "dispens[ing] with *Bivens* altogether," the Supreme Court has made clear that recognizing a cause of action under *Bivens* is a "disfavored judicial activity." *Egbert*, 596 U.S. at 491. Similarly, the Tenth Circuit has said, "expanding *Bivens* is ... an action that is impermissible in virtually all circumstances." *Silva*, 45 F.4th at 1140; *see id.* at 1136 (saying "lower courts expand *Bivens* claims at their own peril").

The analysis of whether a *Bivens* remedy exists involves a two-part inquiry where "a court asks first whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Egbert*, 596 U.S. at 483. Today, this inquiry is strict, and "[t]he [Supreme] Court has said in effect that almost any difference between the case at hand and the three Court precedents can justify rejecting a cause of action."[4] *Logsdon*, 91 F.4th at 1355.

Second, if the case does arise in a new context, the Court considers whether there are "special factors" indicating that the judiciary is at least arguably less equipped than Congress "to weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 492 (quotation omitted). "If there is even a single 'reason to pause before applying *Bivens* in a new

---

[4] And indeed, "the Court has justified a departure from those precedents even when the facts are virtually the same if the government can provide a reason for not recognizing a cause of action that was not considered in the applicable precedent." *Logsdon*, 91 F.4th at 1355.

context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)).

## II.   Plaintiff's *Bivens* Claim Arises in a New Context

Defendants contend the underlying facts in this case are meaningfully different from the prior cases recognizing a *Bivens* remedy. (Doc. No. 148 at 5–6.) The Court agrees.

The Eighth Amendment to the United States Constitution protects a prisoner's right to "humane conditions of confinement including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm" and requires prison officials to be "guided by contemporary standards of decency." *Thompson v. Lengerich*, 798 F. App'x 204, 209 (10th Cir. 2019) (quotation omitted). Prison officials violate this standard when they are deliberately indifferent to an inmate's serious medical needs.

The Court acknowledges this case is at least vaguely similar to *Carlson* as both cases involved a medical injury and an Eighth Amendment deliberate indifference claim. 446 U.S. 14. "But the similarities between [Plaintiff's] case and *Carlson* start and end there." *Rowland*, 121 F.4th at 1243. In *Carlson*, the plaintiff alleged that:

- Prison officials acted *against* the doctor's orders by keeping the plaintiff in a medical facility that was known to be "gross[ly] inadequate"

- The prisoner did not receive "competent medical attention for some eight hours after he had an asthmatic attack"

- The prisoner was "[a]dministered contra-indicated drugs which made [the prisoner's] attack more severe"

- Prison officials attempted to use a respirator known to be inoperative which further impeded the prisoner's breathing

- The prisoner died as a result.

9

*Rowland*, 121 F.4th at 1243 (citing *Carlson*, 446 U.S. at 16 n.1).

"A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez*, 589 U.S. at 102; *see Mohamed v. Santisteven*, 2023 WL 6376709 at * 10 (D. Colo. Sept. 2023). Indeed, the Court need find only "small" differences between the facts alleged and the facts in *Carlson* to "easily" determine a complaint presents a new *Bivens* context. *Rowland*, 121 F.4th at 1243 (quoting *Ziglar*, 582 U.S. at 147).

Here, Plaintiff's allegations are meaningfully different than those in *Carlson*. Most notably, the harm in *Carlson* was death and here the harm was pain and suffering. The Court does not intend to minimize the harm Plaintiff suffered here, but it is significantly different from that in *Carlson*. Additionally, the defendants in *Carlson* acted contrary to doctor's orders and the prisoner was administered contra-indicated drugs. Here, Plaintiff disagrees with the treatment, but he does not allege the administration of contra-indicated drugs, nor does he allege that specific medical orders were issued and deliberately ignored. Accordingly, the Court finds Plaintiff's claim arises in a new *Bivens* context. *See, e.g.*, *Rowland*, 121 F.4th at 1243 (BOP's alleged inadequate care for Plaintiff's hernia arose in a new context distinct from *Carlson*); *Jones v. USA*, 2024 WL 365003, at *5 (D. Colo. Jan. 3, 2024), *report and recommendation adopted sub nom. Jones v. United States*, 2024 WL 358098 (D. Colo. Jan. 31, 2024) (Defendants' alleged mistreatment of Plaintiff's skin condition arose in a new context distinct from *Carlson*); *Bettis v. Grijalva*, 2023 WL 4141869, at *6 (S.D.N.Y. June 23, 2023) (plaintiff's allegations arose in a new context distinct from *Carlson* where plaintiff alleged "he was ignored while his injuries left him with blood in his urine" and that he "did not receive medical attention until having

a sonogram a month after [the] assault); *Locke v. Root*, 2023 WL 2914184, at *6 (D. Kan. Apr. 12, 2023) (prison nurse ignoring repeated requests from plaintiff for medical attention after physical injuries was a meaningfully different context than *Carlson*).

### III.   Special Factors Counsel Against Recognizing a new *Bivens* Claim Here

Because the Court finds Plaintiff's claim arises in a new *Bivens* context, it turns to consider whether *Bivens* relief should be expanded.

Importantly, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Egbert*, 596 U.S. at 493 (internal quotation omitted). "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* (internal quotation omitted).

As the Tenth Circuit has noted, "here, there is such a scheme: the BOP's Administrative Remedial Program. The Administrative Remedial Program provides [Plaintiff] the means through which allegedly unconstitutional actions (in this case, inadequate medical care) can be brought to the attention of the BOP and prevented from recurring." *Rowland v. Matevousian*, 121 F.4th 1237, 1243–44 (10th Cir. 2024) (internal quotation omitted); *see Noe v. U.S.*, 2022 WL 18587706, at *8 (D. Colo. Dec. 14, 2022) (BOP remedy available to plaintiff for his medical negligence claim). Indeed, Plaintiff has availed himself of this process. (*See generally* Doc. No. 142 (describing Plaintiff's use of the internal grievance process in connection with Defendant's early summary judgment motion).) The BOP Administrative Remedy Program offered an adequate alternate remedy to address Plaintiff's grievances. Thus, the Court declines to extend a *Bivens* remedy here, and Plaintiff's deliberate indifference claim should be dismissed. *See Noe*

11

*v. United States Gov't*, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023), *cert. denied sub nom. Noe v. Berkley*, 144 S. Ct. 2562 (2024) ("*Egbert* and *Silva* direct that where the government has provided an alternative remedy, a court generally should not recognize a *Bivens* claim.").[5]

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** Defendants' Motion to Dismiss (Doc. No. 148) be **GRANTED**, Plaintiff's Eighth Amendment deliberate indifference claim be dismissed with prejudice, and this case be closed.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

---

[5] Plaintiff's claim against Defendants in their official capacities is properly construed as being asserted against the United States itself, *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent"). But a "prisoner may not bring a *Bivens* claim against ... the United States, or the BOP." *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Thus, insofar as Plaintiff seeks to bring a *Bivens* claim against Defendants in their official capacities, those claims must also be dismissed.

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of February, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

13